Mr. Justice MacArthur
delivered the opinion of the court :
Motion to quash writ of certiorari. The action was commenced before a justice of the peace. Both parties appeared and the plaintiff demanded a trial by jury, who returned a verdict for $50 in favor of the plaintiff, upon which there was judgment. The defendant prayed an appeal to this court, which was refused by the justice on the ground that an appeal would not lie from a judgment in a Justice’s Court founded upon the verdict of a jury.
The defendant then applied for a writ of certiorari, and upon the facts above set forth this motion to quash was made by the plaintiff before the judge holding the Circuit Court, who has certified it to the general term to be heard in the first instance. The question now to be determined is whether the justice was right in refusing the appeal demanded by the defendant, or, in other words, whether an appeal lies to a judgment of a justice of the peace upon the verdict of a jury. We are all of opinion that there is no right of appeal in such case.
In the first place we cannot examine the facts of the case upon certiorari, because this court cannot know the facts which were found by the jury. There is no special finding, and the petitioner has not disclosed them, nor, indeed, is it in his power to state any matter of fact upon which the verdict is founded, and which would show it, to be erroneous; and there is no record of the evidence of which this court can take judicial cognizance. There is, therefore, no ground upon which this writ can be sustained, and for this reason alone it ought to be quashed.
The late Circuit Court of this District had occasion to construe the act of Congress approved March 1,1828, in regard to the jurisdiction of justices of the peace in the District of Columbia, and they uniformly decided that no appeal would lie from a judgment in a Justice’s Court, upon the verdict of a jury, to retry the case upon its merits. They held that in such a case the justice acted ministerially in entering judgment upon the verdict; that the jury was a substitute for the *8 magistrate, and decided both law and fact; that consequently there was neither certiorari nor a bill of exceptions, for the reason that there was no act of the justice to revise or review. The seventh amendment to the Constitution, which declares that “no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law,” is a prohibition to the courts of the United States to retry a case by a jury in any other manner than according to the method pointed out by the common law, and we all know that the only mode known to the common law of retrying an issue already passed upon by a jury was by the granting of a new trial. A case that has once been submitted to a jury, and a verdict obtained, cannot be submitted to another jury in any other way at common law. The justice of the peace is not authorized to grant a motion for a new trial, nor can auy exceptions be taken to his rulings or instructions to the jury, for he is not permitted to pass either upon questions of fact or law. The parties tq a case brought here by an appeal from a judgment of a justice of the peace, can demand a jury trial, for the reason the trial in the court below was by the justice alone. It would, therefore, contravene the amendment of the Constitution just referred to should we try this case upon an appeal.
We would further suggest that the Revised Statutes embody the provisions of the act of March 1, 1823, in respect to all matters of appeal, and the decisions of the late Circuit Court are as applicable to existing provisions as to those formerly in force. We refer to Smith v. Chase, 2 Crauch C. C., 348; Davidson v. Burr, 2 Cranch C. C., 515; and the cases cited in the marginal note to the seven hundred and seventy-fourth section of the Revised Statutes, p. 92.
For a general discussion of the constitutional question growing out of the seventh amendment, see Parsons v. Bedford, 3 Peters, 444, 445.
The motion to quash is granted.